## Hinchcliff, Appellant, *v.* Hinchcliff.

*Divorce—Desertion—Evidence.*

A wife will be entitled to a divorce where she shows by two disinterested witnesses that her husband left her without any grounds for desertion with two children less than two years old, and that after he had left her she had supported them by the aid of relatives without any help of any kind from her husband.

Argued May 9, 1911.  Appeal, No. 75, April T., 1911, by libelant, from decree of C. P. Beaver Co., March T., 1908, No. 305, refusing divorce in suit of Marian Hinchcliff v. Felger Hinchcliff.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Libel for divorce.  Before HOLT, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in refusing divorce.

*Roger Cope*, for appellant.—A man has no legal right to leave his wife, and withdraw all support, unless he has such excuse as would entitle him to a divorce: Detrick's App., 117 Pa. 452; Van Dyke v. Van Dyke, 135 Pa. 459; Bealor v. Hahn, 117 Pa. 169; Whelan v. Whelan, 183 Pa. 293.

No printed brief for appellee.

OPINION BY BEAVER, J., July 13, 1911:

The appellant seeks release from the marriage tie, based upon the desertion of her husband, which existed for three years, or thereabouts, continuously.

There is no doubt that the court had jurisdiction of the subject and of the parties, the marriage having taken place in January, 1903, and the libel filed January 22, 1909, the libelant having resided within the state, without interruption, between those dates.

The fact of desertion was clearly proved by two disinterested witnesses, as having occurred in 1906.

That there was no substantial ground for the husband's leaving his wife appears from the testimony.  On the other hand, she is shown to have treated her husband as a wife should.  There is clear ground for inference, however, that the husband was influenced by ulterior motives. At the time of the desertion, there were two children, one

a very young babe, the other scarcely more than a year older. The libelant has since supported them by the aid of relatives but has had, as appears from the evidence, no help of any kind from the husband.

In McClurg's Appeal, 66 Pa. 366, Mr. Justice Agnew says: "The desertion and its continuance are clearly proved, and so far as we can discover was without sufficient legal reasonable cause for it; while on the contrary he appears to have been actuated by perverse feelings, leaving the conclusion that his absence was willful, and, in legal acceptation, malicious."

The grounds for reaching the conclusion that the husband's desertion was willful, and, therefore, in legal acceptation, malicious, are quite as strong here, and we are, therefore, unable to join in the conclusion reached by the court below.

Assuming that the letters, to which one of the witnesses referred as having been in her possession, would not bear the interpretation which she placed upon them, that such letters existed seems to have been established. This fact would furnish a motive which, coupled with the fact of leaving his home without cause, a wife and two small children being dependent upon him, would seem to us to stamp his act with a willfulness which in all the cases is regarded as malicious, thus meeting the requirements of the law.

The facts, as found by the master, clearly set forth in his report, seem to us to justify his recommendation that a decree in favor of the libelant should be granted.

In Detrick's Appeal, 117 Pa. 452, after an extended discussion of the grounds upon which a desertion by a wife would be justified, Mr. Justice Paxson, delivering the opinion, says: "The desertion being established, and no sufficient reason having been shown to justify it, it follows that the libelant is entitled to a divorce."

The case, as we view it, is much stronger here. The evidence shows an absence of ground for desertion and, under the circumstances of the case, both as to the con-

dition of the libelant with her infant family and the state of mind or feelings of the respondent, exhibiting a willful desertion, we are bound to infer the malice which legally flows from it and sustain the recommendation of the master.

Many later cases in both of our appellate courts are in full accord with these decisions.

This, of course, involves the reversal of the decree of the court below and accordingly the decree is reversed at the costs of the appellee, and it is ordered that the record be remitted with instructions to enter a decree for the libelant.

Porter, J., dissents.